CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
January 14, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **TIFFANY NGO, ADMINISTRATOR OF THE ESTATE OF BROOKE WINEK,** Deceased, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:24CV00031 |
| v. | ) **OPINION AND ORDER** |
| **WASHINGTON COUNTY, VA SHERIFF BLAKE ANDIS,** in his official and personal capacities, et al., | ) JUDGE JAMES P. JONES ) ) ) |
| Defendants. | ) |

    *Scott M. Perry and Nicholas J.N. Stamatis,* RAPOPORT SIMS PERRY & VANOVERLOOP, P.C., *Arlington, Virginia, for Plaintiff; Leslie A. Winneberger, Blaire H. O'Brien, and Andrew D. Mullen,* HARMAN, CLAYTOR, CORRIGAN & WELLMAN, *Richmond, Virginia, for Defendant Detective William Smarr.*

    Defendant William Smarr has moved to dismiss the plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that this action against him is barred by the applicable statute of limitations. The motion has been fully briefed and is ripe for disposition.[1]  After careful consideration, I will deny the Motion to Dismiss.

---

[1] I have dispensed with oral argument because the arguments are adequately presented in the materials before the court, and a hearing would not significantly aid the decisional process.

I. BACKGROUND.

The plaintiff's factual allegations have been related in my earlier opinion in this case, *Ngo v. Andis*, Nos. 1:24CV00031, 1:24CV00032, 2025 WL 2795302, at *1–2 (W.D. Va. Sept. 30, 2025), and are only summarized here. Austin Lee Edwards, a recently hired deputy of Washington County, Virginia, Sheriff Blake Andis, had developed an online relationship with a teenage girl in California who believed him to be a teenage boy. On November 25, 2022, he traveled to her home, and as a law enforcement officer with gun and badge, gained entrance to the residence by a subterfuge, where he murdered her mother and grandparents before abducting the young girl. After being tracked down by California police, Edwards killed himself and the child was rescued.

As a result of these events, the administrator of the estate of the murdered mother, Brooke Winek, filed this wrongful death action. The lawsuit contends that had Edwards' application to be a deputy sheriff been properly considered or had easily available information about him been obtained and considered, he would have not been hired, and the tragic events would not have occurred.

The case was first filed in the United States District Court for the Eastern District of Virginia on February 2, 2024, and transferred to this District by Order entered August 15, 2024. William Smarr, alleged to have handled details of Edwards' hiring, was a defendant along with his employer, Sheriff Andis. However,

before the transfer, on May 10, 2024, the plaintiff filed a Notice of Voluntary Dismissal of Smarr, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *Ngo v. Andis*, No. 3:24-cv-00076 (E.D. Va. May 10, 2024), Dkt. No. 26.[2]

On October 8, 2025, after transfer, and relying on Federal Rule of Civil Procedure 15, the plaintiff filed a Motion to Amend Complaint, seeking to add Smarr back as a defendant. Dkt. No. 67. The motion was granted by the magistrate judge, and the First Amended Complaint was filed on October 21. The plaintiff then sought to correct a typographical error by submitting a Second Amended Complaint. The request was granted by the magistrate judge, and the Second Amended Complaint was filed on October 28, Dkt. No. 78, and is now the operative pleading. In response, counsel for defendant Smarr filed the present Motion to Dismiss.

## II. ANALYSIS.

Both parties assert that the subject-matter jurisdiction of this action exists under 28 U.S.C. § 1332, which requires complete diversity of citizenship and

---

[2] Before transfer the plaintiff also voluntarily dismissed defendant Washington County, Virginia, Sheriff's Office. At the time of transfer, the only defendants were Sheriff Andis and Michael Carey, Administrator of the Estate of Austin Lee Edwards, deceased. There are three other companion cases before me arising from these events, one for each of the other three victims. *R.K.W. v. Andis*, No. 1:24CV00032; *Kastenbaum v. Andis*, 1:24CV00054; and *Kastenbaum v. Andis*, 1:24CV00055. Counsel for the plaintiff in this case also represents the plaintiff in one of the other cases, *R.K.W. v. Andis*, involving the abduction of the child. An amended complaint was also filed in that case adding back Smarr, but Smarr has not filed a motion to dismiss, presumably because under Virginia law, the limitations period does not commence to run until after a minor reaches her majority. Va. Code Ann. § 8.01-229(2)(a).

minimum amount in controversy.³  However, while such jursidiction is perhaps present, there are no allegations in the Second Amended Complaint that satisfy the diversity jurisdiction requirements.  For example, of what state was the deceased a citizen?  Or defendant Edwards?  Indeed, the Second Amended Complaint claims that subject-matter jurisdiction arises under "28 U.S.C. § 1331 (federal question jurisdiction)." 2d Am. Compl. ¶ 5, Dkt. No. 78.  In any event, while all of the counts against Sheriff Andis and employee Smarr are based on Virginia causes of action, the one count against Edwards' administrator is asserted under 42 U.S.C. § 1983 and that federal claim supports this court's supplemental subject-matter jursidiction over the state claims. 28 U.S.C. § 1367(a).

Although reliance on the statute of limitation is an affirmative defense, whether a claim is time-barred can be resolved on a motion to dismiss where all the necessary facts to determine the question appear in the complaint.  *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc).  That is the situation here.⁴

---

³ The Second Amended Complaint asserts Virginia claims against Smarr for gross negligence, grossly negligent entrustment, and gross negligence per se.  2d Am. Compl., Counts VI, VII, VIII, Dkt. No. 78.  Those claims were not asserted against him in the initial Complaint from which he was voluntarily dismissed by the plaintiff, although they arise out of the same events alleged.

⁴ The plaintiff doesn't contend to the contrary.

State law governs the proper statute of limitations for state law causes of action, including "all relevant state rules governing the tolling of the limitations period." *Massey v. Va. Polytechnic Inst. & State Univ.*, 75 F.4th 407, 410 (4th Cir. 2023). Under Virginia law, personal injury actions must "be brought within two years after the cause of action accrues." Va. Code Ann. § 8.01-243(A). Another statute, Va. Code Ann. § 8.01-229(E)(1), operates to toll a statute of limitations if "commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits," another action may be brought within the remaining period. Moreover, "[i]f a plaintiff suffers a voluntary nonsuit" of his action, the statute of limitations is tolled and the plaintiff may recommence his action within six months, or within the original period of limitation, whichever period is longer. Va. Code Ann. § 8.01-229(E)(3). Defendant Smarr argues that even applying these tolling provisions, the new claims against him in the Second Amended Complaint exceed the limitations period, and are thus barred.

In opposition to the Motion to Dismiss, the plaintiff relies on Federal Rule of Civil Procedure 15(c) and its interpretation by the Fourth Circuit in *Goodman v. Praxair, Inc.*, a leading case on the subject.

The applicable provisions of Rule 15 provide as follows:

> **(c) Relation Back of Amendments.**
>
> **(1) When an *Amendment Relates Back*.** An amendment to a pleading relates back to the date of the original pleading when:

– 5 –

> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). As held in *Goodman*, "Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of statutes of limitations have been effectively served." 494 F.3d at 468. This policy is met, the court held, when the party brought in after the limitations period had expired had "adequate notice within the limitations period and by assuring that the new party not be prejudiced by the passage of time between the original pleading and the amended pleading." Id. Therefore,

> when a person would reasonably believe that the time for filing suit had expired, without having been given notice that it should have been named in an existing action, that person is entitled to repose. . . . On the other hand, when a person is provided notice within the applicable limitations period that he would have been named in the timely filed

>action but for a mistake, the good fortune of a mistake should not save him.

*Id*. at 472.

Of course, a factual difference here from *Goodman* is that Smarr was an original party and was thereafter dismissed before the limitation period had expired. But that difference is without a distinction. *Goodman* rejected the argument that Rule 15(c) is limited to "a mistake of corporate identity or a misnomer" but indicated it can be "one based on a lack of knowledge or poor strategy." *Id*. at 469.

Most importantly, as emphasized by *Goodman*, Smarr had notice and is not prejudiced by the fact of his dismissal from this case early on, or by the length of time before he was readded. The four cases arising out of same evidence are scheduled to be tried together and are consolidated for discovery. The other two cases have always named Smarr as a defendant, as would reasonably be expected in light of the facts alleged as to his role in the onboarding of the murderer Edwards. Since Smarr's liability, if any, would be same across the four cases, Smarr would reasonably know that this case, absent mistake, would be brought against him.

Smarr relies on a decision by the Supreme Court decided after *Goodman*, *Krupski v. Costa Crociere S.p.A*, 560 U.S. 538 (2010), in which the Court reversed a lower court decision to deny relation back under Rule 15(a), to support his argument concerning the meaning of "mistake" in Rule 15(c). I find that the Court's decision supports the plaintiff's argument here.

In the *Krupski* case the plaintiff sought to sue the operator of a cruise ship in order to recover negligence damages but instead named the cruise lines' sales and marketing agent. After the statute of limitations had expired, the plaintiff added the correct party pursuant to Rule 15(c). *Id.* at 543–45. The district court granted the correct defendant's motion to dismiss on the ground that the plaintiff reasonably should have known during the statutory period of the identity of the rightful defendant. The court of appeals affirmed, holding that because the plaintiff made a "deliberate choice" to sue the wrong party in her original complaint there was no "mistake" as required by Rule 15(c). *Id*. at 548.

Upon review, the Supreme Court first held that the issue under Rule 15(c) was not whether the plaintiff should have known of the correct party, but "what the prospective *defendant* knew or should have known." *Id*. Moreover, "[t]he reasonableness of the mistake is not itself at issue" since the "plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the event giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression." *Id*. at 549.

Secondly, the Court held, contrary to the court of appeals, that any delay in seeking to add the new party by the plaintiff "has no bearing on whether the amended complaint relates back" under Rule 15(a). *Id.* at 553. Citing the Fourth Circuit in *Goodman*, the Court noted that the similarly of names between the related entities,

would "heighten the expectation" that the defendant should suspect that a mistake was made. *Id*. at 556.

### III. CONCLUSION.

In spite of the fact that Smarr was earlier mistakenly dismissed by the plaintiff, Smarr would have reasonably known that there was a likelihood he would be accused of fault involving the death of Brooke Winek, in light of his role as a defendant in the cases involving the deaths of her parents. Under these circumstances, Rule 15(c) allows the relating back of statute of limitations. Accordingly, defendant Smarr's Motion to Dismiss, Dkt. No. 80, is DENIED.

It is so **ORDERED**.

ENTER: January 14, 2026

/s/ JAMES P. JONES
Senior United States District Judge